**UNITED STATES of America,**

v.

**Harvey PRITCHETT a/k/a Carlo Brunson a/k/a Harvey Gray Harvey Pritchett, Appellant.**

**No. 01–2255.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 12, 2002.

Opinion Filed Feb. 25, 2002.

Before MANSMANN, McKEE, and BARRY, Circuit Judges.

## OPINION OF THE COURT

BARRY, Circuit Judge.

At the end of the day, this Sentencing Guidelines appeal requires us to determine if the phrase "another felony offense" means the same felonious conduct for which the criminal defendant is being sentenced. The District Court determined that it did. We have jurisdiction pursuant to 28 U.S.C. § 1291, and will vacate appellant's sentence and remand for resentencing.

The parties are familiar with the facts of the underlying dispute and we will, accordingly, discuss them only as necessary to resolve the issue presented.

Appellant, Harvey Pritchett, pled guilty to being a fugitive in possession of a gun, in contravention of 18 U.S.C. § 922(g)(2). On May 10, 2001, Pritchett was sentenced to 71 months of confinement, based, in part, on a four level sentencing enhancement under U.S.S.G. § 2K2.1(b)(5). That section provides, in pertinent part, that "[i]f the defendant used or possessed any firearm ... in connection with another felony offense" the sentencing judge should increase the offense level by four. The District Court concluded that the "other" felony offense in this case was appellant's fugitive status, which violated other state and federal fugitive statutes. 34–35a (citing 18 U.S.C. § 1073 and 18 Pa. Stat. Ann. § 5126). In support of this interpretation of § 2K2.1(b)(5), the District Court opined that

> [s]imply because the there may be a state or another federal statute that is closely related to the underlying conviction does not mean that the closely-related offense is not another felony offense under the statute. One could be a fugitive from justice and possess a gun but not have the intention of trying to run away, one can be a fugitive and be stationary. There are persons, who have been fugitives for many years and have become quite settled in their particular communities and so forth and have no are not evidencing at that time any escape intentions. There are other fugitives, who are being tracked by police officers and are on the move, trying in various ways to avoid capture and are taking steps to resist any attempted capture.

34–35a. The District Court concluded that appellant was a fleeing fugitive intending to avoid capture.

We review this interpretation of the phrase "another felony offense" de novo. E.g., *United States v. Butch,* 256 F.3d 171, 177 (3d Cir.2001); *United States v. Johnson,* 199 F.3d 123, 125 (3d Cir.1999).

Appellant contends that the District Court's interpretation of § 2K2.1(b)(5) "double counts" his fugitive status in computing his sentence because that status was an essential element of his offense of conviction. In addition, appellant claims that this interpretation contravenes the structure of § 2K2.1 and 18 U.S.C. § 922(g), as well as an application note to the Guidelines. U.S.S.G. § 2K2.1, cmt. n. 18. We agree.

As appellant notes, his status as a fugitive was, as it had to be, considered in calculating the base offense level for his sentence. Section 2K2.1(b)(5) then permits a four level enhancement for using or possessing a firearm in connection with "another felony offense." Within this framework, "another felony offense" means a felony other than the one the

sentencing court considered in calculating the base offense level. Simply put, enhancing appellant's sentence for being a fugitive with a gun because he is a fugitive double counts his fugitive status when the Guidelines require "another," i.e., a different, felony in order to enhance. In reaching this conclusion, we are persuaded by and adopt the analysis of the Seventh and Sixth Circuit Courts of Appeals. *United States v. Szakacs,* 212 F.3d 344, 348–52 (7th Cir.2000); *United States v. Sanders,* 162 F.3d 396, 399–401 (6th Cir.1998).

The fact that appellant may have also violated other state and federal fugitive statutes by being a fugitive does not change this result. *Szakacs,* 212 F.3d at 352 ("Because nearly every federal weapons offense could be simultaneously charged as a state crime, allowing the state crime to count as 'another felony offense' renders that term superfluous; it could just as easily read 'any felony offense.'"). Indeed, the fugitive statutes cited by the District Court are similar to lesser included offenses within the crime of being a fugitive with a gun.

Nor does the District Court's effort to distinguish between types of fugitives. Fugitives on the run with the intent to evade the police versus "stationary" fugitives without the intent to flee alter our conclusion. Even assuming that there can be a legal difference between appellant as a fugitive and other fugitives, it is a difference in degree of offense rather than the required difference in kind. Moreover, appellant's status as a fugitive "with the intent to evade" the police existed when the District Court calculated the initial base offense level. As such, augmenting appellant's sentence pursuant to § 2K2.1(b)(5) punished appellant again for the same conduct that was considered in calculating his base offense level and improperly interpreted § 2K2.1(b)(5) as triggering enhancements depending on the degree of a defendant's culpability, when the provision only permits enhancement for "other" felonious conduct.

We have carefully considered all of the government's various arguments and find them unavailing.

For the foregoing reasons, we will vacate appellant's sentence and remand for resentencing. On remand, the District Court may, if appropriate and in accordance with this Opinion, identify and consider "another felony offense" if there is one in resentencing appellant.